IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHELE HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | C.A. NO. |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| WILMINGTON TRUST CORPORATION, | ) ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### INTRODUCTION

1. This is a Complaint brought pursuant to the *Family and Medical Leave Act of 1993* ("FMLA"), 29 U.S.C. § 2601 *et seq.* and 19 Del. C. §723, §724, §726.

### PARTIES

2. Plaintiff, Michele Harris (hereinafter "Plaintiff"), was at all times relevant to this Complaint, a resident of the State of Delaware, residing at 104 W. Delaware Avenue, Gwinhurst, Wilmington, Delaware 19809. Plaintiff is a female who suffers from chronic sinusitis, bronchitis, and upper respiratory problems.

3. Defendant, Wilmington Trust Corporation (hereinafter "Defendant"), is and was at all times relevant to this Complaint, a Delaware corporation with its principle place of business at 1201 North Market Street, Wilmington, Delaware 19801.

### JURISDICTION AND NATURE OF ACTION

4. The jurisdiction of this Court is founded on the existence of a question arising under federal statutes. This action arises under the *Family and Medical Leave Act of 1990*, 29 U.S.C. § 2601 *et seq.* The jurisdiction of this Court is invoked to secure protection and redress

1

deprivation of rights secured by federal law, which prohibits discrimination against employees and/or retaliation against employees for exercising such rights.

5. Jurisdiction is also founded on the existence of a question arising under state law. This action arises under 19 Del. C. §723, §724, §726. The jurisdiction of this Court is invoked to secure protection and redress deprivation of rights secured by state law, which prohibits discrimination against employees on account of a disability.

6. Plaintiff's state law claims exist under the principles of pendant and supplemental jurisdiction and 28 U.S.C. §1367.

7. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. §2000(e), (f), and (g).

8. For all relevant times herein, Defendant employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks within seventy-five (75) miles of its principle place of business at which Plaintiff worked. Accordingly, Defendant meets the definition of "employer" under the FMLA.

9. Since March 2001, Plaintiff was employed by Defendant and maintained a full-time schedule of at least forty (40) hours per week. Accordingly, at all relevant times herein, Plaintiff was an "eligible employee" under the FMLA.

**FACTUAL BACKGROUND**

10. Plaintiff began her employment with Defendant in March 2001 as a Commercial Loan Specialist.

11. Plaintiff always received satisfactory or excellent performance reviews. In 2004, Plaintiff earned a Shining Star Award for her work performance on the Geo Coding Project.

12. In Plaintiff's most recent performance review dated March 1, 2006, Plaintiff was rated as "the highest processor on the team" and received an overall performance rating of "Meets Objectives."

13. Plaintiff suffers from chronic sinusitis, bronchitis, and upper respiratory problems which occasionally caused her to miss or be late to work.

14. In December 2005, Plaintiff applied for and was granted intermittent FMLA leave.

15. On a frequent basis, Plaintiff was harassed for her use of FMLA. For example, on January 26, 2006, Plaintiff was written up for not responding to an e-mail that had been sent to her work account while she was out on FMLA. In the warning, Plaintiff was instructed to "Open e-mails on a daily basis and respond in a timely manner."

16. On or around March of 2006, Plaintiff complained to her immediate supervisor, Deanna Rybicki (hereinafter "Ms. Rybicki") that her performance review was late.

17. When Plaintiff received her review on March 1, 2006, Karen Thurson (hereinafter "Ms. Thurson"), the Division Manager, had already signed off on it although pursuant to Wilmington Trust policy, Ms. Thurson was not to sign Plaintiff's review until Plaintiff had reviewed it and written in her own comments. Pursuant to Defendant's policy, Plaintiff was also required to do a self-review prior to the issuance of her performance report, but Plaintiff was not given this opportunity.

18. Additionally, Ms. Rybicki, told Plaintiff not to write her comments into the review boxes provided but to attach her comments on separate sheets of paper.

19. Shortly after her review was issued, Plaintiff complained to Ms. Thurson about the violations of company policy and procedure regarding her review. Plaintiff also complained that Ms. Rybicki called her a "bitch."

20. At this time, Plaintiff also complained about the manner in which her write-ups had been handled. Pursuant to company policy, a Level 1 write-up was supposed to be erased after six (6) months, a Level 2 write-up was supposed to be erased after twelve (12) months, and a Level 3 write-up was supposed to be erased after eighteen (18) months. Defendant did not follow this procedure, and Plaintiff was not able to apply for other positions within the company.

21. On April 12, 2006, Plaintiff's doctor placed her on Lexapro for depression.

22. On May 11, 2006, Plaintiff took the Lexapro along with her respiratory medications. The Lexapro interacted with her respiratory medications and made Plaintiff very sick with symptoms of nausea, diarrhea, and drowsiness.

23. Plaintiff called Defendant and explained that she was sick and could not come to work.

24. The following day, on May 12, 2006, Plaintiff returned to work.

25. On May 15, 2006, Ed Emmi (hereinafter "Mr. Emmi"), the Human Resources representative, terminated Plaintiff for violating the attendance policy on May 11, 2006.

26. Plaintiff's previous unexcused absence had occurred seven (7) months prior when she did not have FMLA.

27. On May 17, 2006, Plaintiff's doctor wrote a note explaining that the anti-depressant had interfered with her sinus medications, thus her absence on May 11, 2006 was FMLA-related and should have been covered under the FMLA.

28. Plaintiff delivered the note to Defendant. Mr. Emmi told Plaintiff that her termination was final.

29. Following her termination, Plaintiff explained the situation and complained in a letter addressed to Ted T. Cecala, Chairman and CEO; Bob Harra, Bank President; Bill North, VP Division Manager of Regional Banking; Andrea Johnson, FMLA coordinator (hereinafter "Ms. Johnson"); Mr. Emmi; Karen Thuresson, Division Manager of Risk Management and Operations; and Ms. Rybicki.

30. Plaintiff also left several voicemails for Ms. Johnson.

31. Plaintiff received no response to her letter or her phone calls.

32. After her termination by Wilmington Trust, it took Plaintiff almost a year to find a full-time job, and she was required to work at a part-time job at a significantly lower salary than what she earned at Defendant.

33. Plaintiff's supervisor, Ms. Sweeney, the Quality Improvement Director, overly scrutinized Plaintiff's performance, regularly threatened her with disciplinary actions, and subjected Plaintiff to disparate treatment with regards to the Defendant's policies concerning "Makeup Time and Overtime."

## COUNT I
### *Violation of the Family and Medical Leave Act*

34. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 33 by reference as if specifically set forth herein.

35. For all relevant times herein, Defendant employed fifty (50) or more employees for each working day in each of twenty (20) or more calendar weeks within seventy-five (75) miles of its principle place of business at which Plaintiff worked. Accordingly, Defendant meets the definition of "employer" under the FMLA.

36. Since March 2001, Plaintiff was employed by Defendant and maintained a full-time schedule of at least forty (40) hours per week. Accordingly, at all relevant times herein, Plaintiff was an "eligible employee" under the FMLA.

37. The practices employed by Defendant violate Plaintiff's rights under the *Family and Medical Leave Act* ("FMLA") were intentional and were done with malice and/or reckless indifference to the federally-protected rights of Plaintiff and were designed to further injure Plaintiff.

38. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer, loss of employment, loss of income, loss of other employment benefits, and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment, and damages to her reputation.

## COUNT II
### *Violation of 19 Del. C. §723, §724, §726*

39. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 38 by reference as if specifically set forth herein.

40. Defendant's aforesaid actions constituted discrimination against Plaintiff on the basis of an actual and/or perceived disability in violation of 19 Del. C. §723, §724, §726.

41. Defendant's violation of Plaintiff's rights under 19 Del. C. §723, §724, §726 was intentional and therefore was done with malice and reckless indifference to the state-protected rights of Plaintiff and was designed to further injure Plaintiff.

42. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer, loss of employment, loss of income, loss of other employment benefits, and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment, and damages to her reputation.

## COUNT III
### *Disability Discrimination*

43. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 42 by reference as if specifically set forth herein.

44. The practices of Defendant, as complained of above, had the effect of depriving Plaintiff of equal employment opportunity and otherwise adversely affected her employment because of an actual and/or perceived disability. The practices of Defendant were intentional and therefore were done with malice and reckless indifference to the federally-protected and state-protected rights of Plaintiff and were designed to further injure Plaintiff.

45. Defendant failed to provide reasonable accommodations to Plaintiff based upon Plaintiff's disability.

46. The practices of Defendant, as complained of above, caused Plaintiff to experience conscious pain and suffering and other emotional harm.

47. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer, loss of employment, loss of income, loss of other employment benefits, and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment, and damages to her reputation.

## COUNT IV
### *Retaliation*

48. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 47 by reference as if specifically set forth herein.

49. The practices of Defendant, as complained of above, had the effect of depriving Plaintiff of equal employment opportunities or otherwise adversely affected her employment through repeated acts of retaliation directed toward Plaintiff, for complaining to her supervisor

about Defendant's actions towards her, for complaining repeatedly to Human Resources about the disparate treatment and for complaining repeatedly when she was not treated similarly to other similarly situated co-workers.

50. The practices employed by Defendant to retaliate against Plaintiff were intentional and were done with malice and/or reckless indifference to the federally-protected rights of Plaintiff and were designed to further injure Plaintiff.

51. The practices of Defendant, as complained of above, caused Plaintiff to experience conscious pain and suffering and other emotional harm.

52. As a direct and proximate result of said acts, Plaintiff has suffered and continues to suffer, loss of employment, loss of income, loss of other employment benefits, and has suffered, and continues to suffer, distress, humiliation, great expense, embarrassment, and damages to her reputation.

## COUNT V
### *Breach of the Covenant of Good Faith and Fair Dealing*

53. Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 58 by reference as if specifically set forth herein.

54. The actions of Defendant constitute a violation of the Covenant of Good Faith and Fair Dealing implicit in every employment agreement.

55. Defendant breached the Covenant of Good Faith and Fair Dealing to Plaintiff by terminating her based upon an actual and/or perceived disability and/or based upon her limitations due to her disability and/or based upon retaliatory motives.

56. Defendant's discrimination was willful, wanton, and malicious. As a result, Plaintiff is entitled to an award of compensatory and punitive damages.

57. The above-stated damages were not the result of any act or omission on the part of the Plaintiff.

**WHEREFORE**, Plaintiff Michele Harris, respectfully requests that this Court enter judgment in her favor and against Defendant, Wilmington Trust Corporation:

(a) Declaring that the conduct engaged in by the Defendant to be in violation of Plaintiff's rights;

(b) Issuing a judgment in Plaintiff's favor ordering Defendant to provide appropriate back pay with pre- and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary including liquidated damages to eradicate the effects of Defendant's unlawful employment practices;

(c) Issuing a judgment in Plaintiff's favor ordering Defendant to provide compensation for non-pecuniary losses, including, but not limited to, pain, suffering, and humiliation, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

(d) Issuing a judgment in Plaintiff's favor ordering Defendant to provide compensation for past and future pecuniary losses including liquidated damages, in amounts to be determined at trial;

(e) Issuing a judgment in Plaintiff's favor ordering Defendant to pay punitive damages for its malicious and/or reckless conduct in amounts to be determined at trial;

(f) Issuing a judgment in Plaintiff's favor ordering the Defendant to pay the costs of reasonable attorneys' fees and expenses and the costs of this litigation; and

(g) Granting such other further relief as this Court deems just and proper.

MARGOLIS EDELSTEIN

/s/ Herbert W. Mondros

Herbert W. Mondros (Del. ID No. 3308)
750 Madison Street, Suite 102
Wilmington, Delaware 19801
302-888-1112 phone
302-888-1119 facsimile
Attorneys for Plaintiff Michele Harris

*Of Counsel*

Michael Dichiara
Joseph & Herzfeld, LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640 phone
(212) 688-2548 facsimile

Dated: July 20, 2007

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Michelle Harris

**(b)** County of Residence of First Listed Plaintiff: **New Castle**
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Margolis Edelstein
Herbert W. Mondros
750 S. Madison Street, Suite 102
Wilmington, DE 19801  (302) 888-1112

## DEFENDANTS
Wilmington Trust Corporation

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☒ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**FMLA**
Brief description of cause: **Violation of FMLA Rights**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 7/20/07
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-453

# ACKNOWLEDGMENT
# OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____2____ COPIES OF AO FORM 85.

___7/20/07___  x _Veronica Monaghan_
(Date forms issued)   (Signature of Party or their Representative)

x _Veronica Monaghan_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action