## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHELE HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-453-SLR |
| | ) | |
| WILMINGTON TRUST | ) | Jury Trial Demanded |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ANSWER</u>

1.     No answer necessary.

2.     Defendant does not have sufficient information to admit or deny the allegations of this averment.

3.     Admitted.

4.     Admitted that the claim is purported to be based on the FMLA; denied that any violation of the FMLA has occurred or that this Court has jurisdiction over any of the other claims sought to be brought.

5.     Denied that this court has jurisdiction over the alleged state law claims.

6.     Denied that Plaintiff is entitled to invoke the doctrine of pendent and supplemental jurisdiction.  For a further answer, Defendant alleges that on information and belief, Plaintiff failed to file charges of discrimination with the Equal Employment Opportunity Commission and the Delaware State Department of Labor, and has no notice of right to sue from either agency.

7.      Admitted that the claimed relief is being sought.  Denied that there is any basis for that relief.

8.      Admitted.

9.      Admitted.

10.     Admitted.

11.     Admitted that Plaintiff received an award in 2004 and was usually rated competent or satisfactory in performance.  For a further answer, Plaintiff had continual attendance problems that ultimately resulted in her termination.

12.     Admitted.

13.     Defendant does not have sufficient information to admit or deny the allegations of this averment.

14.     Denied.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Admitted that Plaintiff was confused about the attendance policy.  Denied that Defendant did not follow the policy.

21.     Defendant does not have sufficient information to admit or deny the allegations of this averment.

22.     Defendant does not have sufficient information to admit or deny the allegations of this averment.

2

23.    Admitted.

24.    Admitted.

25.    Admitted that Plaintiff was terminated on May 15, 2006.  For a further answer Plaintiff was terminated for having violated the attendance policy repeatedly, resulting in nine (9) occurrences, most of which took place after weekends or holidays.

26.    Denied.

27.    Admitted that after the termination, Plaintiff's doctor wrote a note. Otherwise denied.

28.    Admitted.

29.    Admitted.

30.    Admitted.

31.    Admitted.

32.    Defendant does not have sufficient information to admit or deny the allegations of this averment.

33.    Denied.

34.    Defendant repeats and realleges the allegations contained in paragraphs 1 through 33 of its Answer.

35.    Admitted.

36.    Admitted.

37.    Denied.

38.    Denied.

39.    Defendant repeats and realleges the allegations contained in paragraphs 1 through 38 of its Answer.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Defendant repeats and realleges the allegations contained in paragraphs 1 through 42 of its Answer.

44.    Denied.

45.    Denied.

46.    Denied.

47.    Denied.

48.    Defendant repeats and realleges the allegations contained in paragraphs 1 through 47 of its Answer.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.    Defendant repeats and realleges the allegations contained in paragraphs 1 through 52 of its Answer.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied

## **AFFIRMATIVE DEFENSES**

58.    Plaintiff has failed to state claims upon relief can be granted.

59.     Upon information and relief, Plaintiff has not filed a charge of discrimination or retaliation with either the Equal Employment Opportunity Commission or the State of Delaware Department of Labor, and has not attached a Notice of Right to Sue to the Complaint, as a result of which the Court does not have jurisdiction over Counts II, III and IV.

60.     This Court does not have jurisdiction over Count V because the Delaware General Assembly has specifically declared that the Delaware discrimination statutes constitute the exclusive remedy for claims such as that sought to be made by Plaintiff.

61.     To the extent that Plaintiff's Complaint was not filed within 90 days of receipt of a Notice of Right to Sue, all claims arising out of the underlying charge are time barred.

62.     To the extent Plaintiff has failed to mitigate her damages, she is barred from recovering from Defendant.

63.     To the extent the Complaint is based upon conduct that is not the subject of a timely filed charge of discrimination, Plaintiff's claims are barred for failure to exhaust administrative remedies.

64.     Any compensatory or punitive damages claimed are limited to the amounts authorized.

65.     Defendant denies that it acted with malice or reckless indifference to the rights of Plaintiff.

WHEREFORE, Defendant demands that the Complaint be dismissed and that attorneys' fees and costs be assessed against Plaintiff.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

DB02:6175266.1                                                                                                      044203.1026

s/ Sheldon N. Sandler
Sheldon N. Sandler, Esquire (No. 245)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391, Wilmington, Delaware  19899-0391
Telephone: (302) 571-6673
Facsimile: (302) 576-3330
Email:  ssandler@ycst.com
Attorneys for Defendant

DATED:  August 13, 2007

044203.1026